**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CHRISTOPHER M. COUGHLIN,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:13-CV-1597(JCH) |
| v. | |
| EASTERN SAVINGS BANK,<br>    Defendant, | |
| SUNNINGDALE VENTURES, INC.,<br>    Intervenor.[1] | FEBRUARY 17, 2015 |

**RULING RE: EASTERN SAVINGS BANK'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 38) AND SUNNINGDALE VENTURES, INC.'S MOTION TO DISCHARGE LIS PENDENS (Doc. No. 62)**

**I.    INTRODUCTION**

In Counts One, Two, and Four of the Complaint (Doc. No. 1), pro se plaintiff Christopher M. Coughlin brings several claims against defendant Eastern Savings Bank ("ESB"), the only remaining defendant in this case. ESB filed a document styled as a "Motion for Summary Judgment" as to these claims on several grounds. See Eastern Savings Bank's Motion for Summary Judgment (Doc. No. 38). In fact, the Motion is in part a motion to dismiss for lack of subject-matter jurisdiction, and the court treats the corresponding parts as such.

The court grants the Motion and dismisses the suit because, with respect to Count One, Coughlin is a bankrupt debtor whose claims (if he has any) accrued before he initiated his bankruptcy proceedings and any claims in Count One were and remain part of the bankruptcy estate, so that he has no standing to bring those claims. With

---

[1] The Clerk is directed to amend the caption for this action to conform with the caption given here.

1

respect to Counts Two and Four, the Rooker-Feldman doctrine precludes Coughlin from challenging the judgment in a state-court foreclosure action by bringing suit in this court.[2]

Additionally, on October 27, 2014, Coughlin recorded a notice of lis pendens ("the Notice") in the land records for the Town of Greenwich, Connecticut against the real property located at One Random Road on the basis that the presently pending action is intended to affect title to that property. Intervenor Sunningdale Ventures, Inc. ("Sunningdale") moves to discharge the notice of lis pendens as invalid. See Motion to Discharge Lis Pendens [sic] (Doc. No. 62). The court grants the Motion because the Notice is fatally defective.

## II.   MOTION FOR SUMMARY JUDGMENT

### A.   Applicable legal standard

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the district court lacks the statutory or constitutional power to adjudicate the case. See Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 254 (2010). "[W]hen a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case." In re U.S. Catholic Conf., 885 F.2d 1020, 1023 (2d Cir.1989). "Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (quotation marks and alterations omitted). The plaintiff bears the burden of establishing that the court has jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

---

[2] Coughlin pled three counts: Count One, Count Two, and Count Four. The Complaint contains no Count Three.

Where, as here, a litigant "proceed[s] pro se . . . , [the court] read[s] his papers liberally and interpret[s] them to raise the strongest arguments that they suggest."  Bronwell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

    B.    Count One

In Count One, Coughlin complains that ESB fraudulently induced him to purchase a mortgage title insurance policy in or around August 2006 by representing that he would be able to make claims under the policy should One Random Road's title be found defective.  See Complaint (Doc. No. 1) ¶¶ 13–14, 41–45.  Coughlin implies that his inability to make a claim under the policy caused an injury to him.

"The bankruptcy estate encompasses all legal or equitable interests of the debtor in property as of the commencement of the case, including any causes of action possessed by the debtor."  See Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989) (quotation marks and citation omitted).  Filing for bankruptcy protection deprives a person of "all rights to pursue [such] a[ ] cause of action in his own name," unless the bankruptcy estate, by its trustee, abandons the claim.  Kassner v. 2nd Ave. Delicatessen Inc., No. 04-CV-7274, 2005 WL 1018187, at *3 (S.D.N.Y. Apr. 29, 2005); see also 11 U.S.C. § 704 (describing duties of trustee).  Unless and until the trustee abandons a cause of action that is part of a bankruptcy estate, the filer has no standing to pursue that cause of action.  See Kassner, 2005 WL 1018187, at *3.  As with any claim that a plaintiff lacks standing to pursue, a court properly dismisses any claim that a bankrupt debtor brings when it remains part of the bankruptcy estate.  See Rosenshein v. Kleban, 918 F. Supp. 98, 103 (S.D.N.Y. 1996).

Coughlin has no standing to pursue any claims stated in Count One because, despite his position to the contrary, see Opposition to Eastern Savings Bank's Supplemental Memorandum in Support of Summary Judgment (Doc. No. 75) at 4 ¶ 10, such claims accrued prior to the plaintiff's filing for bankruptcy in or around April 2010, are thus (absent abandonment) part of the bankruptcy estate, and have not been abandoned by the bankruptcy estate.  The relevant purported defect in One Random Road's title was confirmed by the Connecticut Supreme Court in Coughlin v. Anderson, 270 Conn. 487, 508–09 (2004)—not in April 2011 when a judge later interpreted that decision, see Complaint ¶¶ 25, 48—and any cause of action that Coughlin had accrued at latest at the time of that 2004 decision, well before Coughlin filed the bankruptcy petition in 2010.  The fact that Coughlin brought this suit after the filing of the bankruptcy petition does not change the fact that any causes of action accrued—i.e., that Coughlin could have sued—before he filed the petition.  See Amoco Oil Co. v. Liberty Auto and Elec. Co., 262 Conn. 142, 153 (2002) ("The true test [to determine when a cause of action accrues] is to establish the time when the plaintiff first could have successfully maintained an action." (internal quotation marks omitted)).

"Assets that are not scheduled are not abandoned by the bankruptcy estate." Johns v. Local 32BJ, SEIU, No. 11-cv-517, 2012 WL 3779908, at *2 (E.D.N.Y. Aug. 31, 2012) (citing Rosenshein v. Kleban, 918 F. Supp. 98, 102 (S.D.N.Y. 1996)).  Coughlin has never listed any of the claims, that he presently pursues, as assets in the applicable property schedules or statements of financial affairs.  See Property Schedules, Exhibit B to Supplement to Eastern Savings Bank's Memorandum in Support of Summary Judgment (Doc. No. 68-2); Statement of Financial Affairs, Exhibit C to Supplement to

Eastern Savings Bank's Memorandum in Support of Summary Judgment (Doc. No. 68-3); Docket Sheet, Exhibit A to Supplement to Eastern Savings Bank's Memorandum in Support of Summary Judgment (Doc. No. 68-1).  Nor is there is any evidence extrinsic to these documents that the present claims were recognized as part of, and then abandoned by, the bankruptcy estate.  Accordingly, any claims in Count One remain part of the bankruptcy estate.

In a footnote, Coughlin asserts that the bankruptcy "[t]rustee . . . is aware of Coughlin's action against E[SB]."  This is insufficient to establish abandonment.  See Vreugdenhill v. Navistar Int'l Transp. Corp., 950 F.2d 524, 526 (8th Cir. 1991).

The plaintiff has not met his burden of establishing standing because any claims in Count One remain part of the bankruptcy estate.  The court thus lacks jurisdiction to hear any claims in Count One.

  C. Counts Two and Four

In Counts Two and Four, Coughlin complains of improprieties in the behavior of ESB with respect to a state-court case that has proceeded to judgment.  Even assuming that these claims are not part of the bankruptcy estate, see Section III.A supra, the Rooker-Feldman doctrine bars Coughlin's present pursuit of these claims in this venue.

Under the Rooker-Feldman doctrine, "the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment."  Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) (explaining that the Rooker-Feldman doctrine applies when "the losing party in state court filed suit in federal court after the state proceedings

ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."). "[A]mong federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments" and "claims that are 'inextricably intertwined' with . . . prior state court determination[s]." Johnson v. Smithsonian Inst., 189 F.3d 180, 185 (2d Cir. 1999).

In Counts Two and Four, the plaintiff, having lost in state court, complains of injuries caused by the state court judgment. Evaluating the claims in these counts would be tantamount to reviewing the judicial decisionmaking of the Connecticut courts. This is precisely what the Rooker-Feldman doctrine forbids. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414–15 (1923). In Count Two, Coughlin alleges, in substance, that "in their foreclosure action [against Coughlin, ESB] refused to produce an appraisal of . . . One Random Road, showing the value with and without the unrecorded easements on One Random Road" and that "[a]s a result . . . [Coughlin] has suffered damages." Complaint ¶¶ 47, 50. Count Four advances a theory of "unjust enrichment" on the basis of ESB's foreclosing on One Random Road, such that, when ESB took title to One Random Road, ESB unjustly received the value of Coughlin's suit(s) to clear the title of One Random Road. See Plaintiff's Memorandum of Law in Opposition to Defendant Eastern Savings Bank's Motion for Summary Judgment (Doc. No. 58) at 9–11; Complaint ¶¶ 51–56. As Coughlin confirmed for the court during a hearing, any claims stated in these counts seek to attack the judgment issued in the foreclosure action. As a consequence, the Rooker-Feldman doctrine bars this court from hearing them.

### III. MOTION TO DISCHARGE NOTICE OF LIS PENDENS

A party may validly record a notice of lis pendens ("pending litigation") where and "only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself." Garcia v. Brooks Street Assocs., 209 Conn. 15, 22 (1988). However, "[s]ince a [notice of] lis pendens under § 52-325 is a creature of statute, the party who invokes its provisions must comply with the statutory requirements." Manaker v. Manaker, 11 Conn. App. 653, 660 (1987). Thus, a notice of "lis pendens shall not be valid . . . 'unless the party recording such notice, not later than thirty days after such recording, serves a true and attested copy of the recorded notice of lis pendens upon the owner of record of the property affected thereby.'" Id. (quoting Conn. Gen. Stat. § 52-325(c)). Moreover, "the party who record[s] the notice [is required to] file a copy of the return with the clerk of the court in which the action is brought." Conn. Gen. Stat. § 52-325(c).

While a party may "file a certificate with such town clerk that [the lis pendens] is dissolved" at the conclusion of a suit where litigation has been resolved on the merits and that merits determination does not affect title to the relevant property, Conn. Gen. Stat. § 52-322 (as applied to notices of lis pendens by Section 52-326); see also Conn. Gen. Stat. § 52-324, it will generally be premature to discharge the notice on the basis of that merits determination at the moment of its issuance. See In re Borison, 226 B.R. 779, 789–90 (Bankr. S.D.N.Y. 1998) (noting that a judgment does not become final immediately).

However, Sunningdale argues that the notice of lis pendens was invalid ab initio and thus must be discharged for two reasons independent of the court's determination

7

of the pending case on the merits, see Section II supra.  First, Sunningdale argues that this action does not affect title to One Random Road.  See Garcia, 209 Conn. at 22.  Second, it argues that Coughlin did not comply with the procedural requirements provided in section 52-325.  See Manaker, 11 Conn. App. at 660.  The second reason is sufficient to grant the Motion; the court does not reach the first.

Sunningdale argues that the Notice is invalid and must be discharged because Coughlin never served defendant Eastern Savings Bank, the owner of the property at the time of the Notice's filing, with the Notice as required by the statute.

While Coughlin did not respond to this argument in any respect in either of his two separate memoranda in opposition to the Motion to Discharge the Lis Pendens, the fact that "a partial response to a motion is made—i.e., referencing some claims or defenses but not others," is not dispositive of the issue.  Jackson v. Fed. Express, 766 F.3d 189, 197 (2d Cir. 2014).  Because Coughlin is "pro se, the district court should examine every claim or defense with a view to determining whether [granting the pending Motion] is legally and factually appropriate."  Id. at 198.

Granting the motion is nonetheless appropriate.  The court finds that Coughlin altogether failed to comply with the notice requirements in the applicable statutes, defeating the "obvious [statutory] purpose" of notifying the owner that a notice of lis pendens was filed.  Manaker, 11 Conn. App. at 661.  In support of this finding, the court makes reference to both the representations by Sunningdale and the docket of this case, the latter reflecting that Coughlin never filed a copy of the Notice nor proof of service of the Notice as required by the statute.  See Conn. Gen. Stat. § 52-325(c).  The

court also held a hearing at which Coughlin confirmed that he did not comply with these requirements.

Accordingly, the court "finds that [the N]otice never became effective [and thus] declar[es] that [the N]otice . . . is invalid and discharged, and that the same does not constitute constructive notice.  A certified copy of [this Ruling] may be recorded in the land records of the town in which the notice of lis pendens was recorded." Conn. Gen. Stat. § 52-325d; see also Conn. Gen. Stat. § 52-326.

## IV.  CONCLUSION

The Motion for Summary Judgment (Doc. No. 38) is **GRANTED**, and the case is **DISMISSED**.

The Motion to Discharge Lis Pendens (Doc. No. 62) is **GRANTED**.

The Clerk is directed to close the case.

**SO ORDERED**.

Dated this 17th day of February 2015 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge